Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000078
27-NOV-2019
08:53 AM

NO. CAAP-17-0000078

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KENTARU KRISTOPHER STONE, also known as KENTARO K. STONE,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-0543)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Chan and Wadsworth, JJ.)

Defendant-Appellant Kentaru Kristopher Stone also known as Kentaru K. Stone (Stone) appeals from the January 18, 2017 Circuit Court of the First Circuit (Circuit Court) Judgment of Conviction and Sentence.[1] After a jury trial, the Circuit Court convicted Stone of Promoting a Dangerous Drug in the Third Degree in violation of Hawaii Revised Statutes (HRS) § 712-1243[2] (2014).

---

[1]    The Honorable Jeffrey P. Crabtree presided.

[2]    HRS § 712-1243 provides, in relevant part, "(1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount."

HRS § 712-1240 (2014) provides, "'Dangerous drugs' means any substance or immediate precursor defined or specified as a 'Schedule I substance' or a 'Schedule II substance' by chapter 329, or a substance specified in section 329-18(c)(14), except marijuana or marijuana concentrate."

HRS § 329-16 (2010) provides, in relevant parts:

Schedule II

. . . .

(continued...)

Stone was sentenced to five years of incarceration.

On appeal, Stone contends the Circuit Court erred by denying his motion for a new trial due to discovery of new evidence after trial and/or because a State witness gave false testimony at trial.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Stone's appeal as follows and affirm.

Stone contends the Circuit Court abused its discretion by denying his motion for a new trial. On appeal, Stone makes two arguments in support of his motion for new trial. First, the lack of Found Property reports regarding the various identification, bank, and member cards (identification cards) found at the scene was not established until after trial, and thus represented new evidence. Second, Officer Douglas Korenic (Officer Korenic), gave false testimony by stating that he had filed such Found Property reports.

> A motion for new trial based on newly discovered evidence will be granted only if all of the following requirements have been satisfied: (1) the evidence has been discovered after trial; (2) such evidence could not have been discovered before or at trial through the exercise of due diligence; (3) the evidence is material to the issues and not cumulative or offered solely for purposes of impeachment; and (4) the evidence is of such a nature as would probably change the result of a later trial.

State v. McNulty, 60 Haw. 259, 267-68, 588 P.2d 438, 445 (1978), overruled on other grounds by Raines v. State, 79 Hawai'i 219, 900 P.2d 1286 (1995), and State v. Eberly, 107 Hawai'i 239, 112 P.3d 725 (2005). These requirements must be affirmatively demonstrated by the appellant. Id.

---

[2](...continued)
> (e) Stimulants. Any material, compound, mixture, or preparation which contains any quantity of the following substances having a danger or probable danger associated with a stimulant effect on the central nervous system:
>
> . . . .
>
> (2) Any substance which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers[.]

Stone asserts that "[t]he evidence that Officer Korenic had NOT submitted any Found Property reports regarding the various cards on the picnic table top was confirmed by the prosecution AFTER the trial had concluded." The lack of the Found Property reports Officer Korenic testified to having prepared was documented at trial. A recess was taken and the six reports referenced by number on the front page of his report were retrieved from the police department and Officer Korenic acknowledged that they were unrelated to this case. No other Found Property report numbers were referenced in Officer Korenic's report for this offense and he eventually admitted that he may have "made a mistake" by testifying he submitted reports regarding the identification cards. Thus, the lack of Found Property reports was discovered during trial and that further, post-trial efforts to search for these records were unsuccessful does not change this fact.

Second, it appears that the defense could have discovered this lack before or at trial through the exercise of due diligence. Id. Stone contends:

> Nothing in the discovery received by defense counsel, particularly Officer Korenic's report, hinted that he would testify that: (1) the various ID and other cards on the picnic table did NOT belong to Stone; (2) Officer Korenic filed "found property" reports for the various cards that did not belong to Stone; (3) there were several "found property" reports because there were numerous items recovered; (4) he "verified ownership" of the items; and (5) the owners later picked up their cards.

The essential claim is discovery provided to Stone was incomplete in a way that caused his counsel to form the erroneous argument that all the identification cards belonged to Stone. However, this claim is not supported by the record. In State's Exhibit 16, the identification cards of at least two persons are clearly visible in the photograph. Of the three identification cards in the photo, one shows a dark skinned male with dark hair and the other shows a light skinned male or female with light hair. Stone was clearly aware of the existence of the photo prior to trial as he highlighted it to the jury in his opening statement.[3]

---

[3] Officer Korenic detailed in his report, his efforts to identify Stone, who had refused to cooperate in this regard. That the identification
(continued...)

Thus, the key claim--that Stone could not have expected testimony that identification cards from multiple persons that were present on the picnic table did not belong to Stone--is without merit.

Third, Stone's assertion that Officer Korenic's discovery of the identification cards was inextricably intertwined with his discovery of the methamphetamine packet is not supported by the record. The sole role of these items was that they were on the table along with others in Stone's lap when Officer Korenic approached Stone. Although defense counsel maintained at trial that these items belonged to Stone, no evidence was presented to that effect.[4] Beyond this assertion, Stone fails to argue any other purpose for the evidence besides impeachment and fails to establish an exculpatory connection between the impeachment evidence and the offense or that the impeachment evidence undermined critical inculpatory evidence. State v. Dural, 141 Hawai'i 501, 413 P.3d 405, CAAP-13-0003694, 2018 WL 1063886, at *13-14 (App. Feb. 27, 2018) (mem.).

Fourth, we also agree with the Circuit Court's assessment that this evidence was not likely to have changed the verdict. McNulty, at 268, 588 P.2d 445. Whether Found Property reports were prepared for the identification cards was at best marginally relevant to the facts of this case and did not establish any of the elements of the offense charged.

Therefore, we reject newly discovered evidence as a basis for Stone's motion for a new trial.

Stone also argues that he is entitled to a new trial because Officer Korenic gave false testimony by stating that he had filed Found Property reports.

A new trial motion based on false testimony given by a State witness must be granted where:

---

[3](...continued) cards were not mentioned in Officer Korenic's reports at all was consistent with his testimony that they did not belong to Stone.

[4]    Even if one were to consider that Stone's refusal to identify himself--by word or by reference to these identification cards--led to Officer Korenic telling Stone that he would be physically arrested rather than be cited for a violation, which in turn led to Stone revealing the methamphetamine packet, the existence of these identification cards was not material to the elements of his drug charge.

4

(1) [the court] is reasonably satisfied that the testimony at trial of a material prosecution witness is false; (2) defendant and his agents did not discover the falseness of the testimony until after the trial; (3) the late discovery is not due to a lack of due diligence by defendant or his agent; and (4) the false testimony is not harmless because there is a reasonable possibility that it contributed to the conviction.

State v. Teves, 5 Haw. App. 90, 96, 679 P.2d 136, 141 (1984). The test requires an affirmative showing by the appellant. Id. at 96, 679 P.2d at 140-41.

As the only witness to Stone's possession of the methamphetamine, Officer Korenic was a material prosecution witness. False testimony is defined as "[t]estimony that is not true[,]" and is broader than perjury because it lacks a state of mind element. See Black's Law Dictionary 1704 (11th ed. 2019). Here, Officer Korenic testified to the existence of Found Property reports, which were not referenced in his reports. Other than Officer Korenic's testimony, there was no evidence that these reports existed. Thus, Stone has demonstrated that a material prosecution witness provided false testimony.

The falsity of the testimony was discovered during trial. During a mid-trial recess, after Officer Korenic testified he had submitted Found Property reports for the identification cards, the prosecution caused a search for the Related Reports identified on the face sheet of Officer Korenic's Incident Report after Officer Korenic asserted reports were missing. The Related Reports listed on the front page of Officer Korenic's Incident Report, were determined to have nothing to do with Stone's case. Stone cross-examined Officer Korenic on the fact that his written reports did not corroborate his assertion that Found Property reports were submitted for the identification cards found at the scene and that the only Found Property report mentioned in Officer Korenic's Incident Report was for an iPhone. Thus, this requirement was not met because the fact that the testimony was false was discovered at trial. That the State conducted a further search and still found no reports does not change this conclusion.

Even if the false testimony had not been discovered at trial, any failure of the defense to discover the false testimony

5

may be due to a lack of diligence.  Although defense counsel seemed to be surprised by the lack of the subject Found Property reports, discovery provided to the defense clearly showed identification cards belonging to different people were found at the scene, and the Incident Report identified Related Reports, numbers of which no copies were provided.  Had the defense requested discovery of those missing reports it would have discovered no Found Property reports regarding the identification cards were created, or at least noted, and would have been in a position to better challenge Officer Korenic's testimony that Found Property reports for the identification cards existed.

Finally, there was no reasonable possibility that the false testimony contributed to the conviction because Stone was able to fully cross-examine Officer Korenic on the absence of the reports.  Officer Korenic's false testimony provided an avenue for attacking his credibility that otherwise would not have been open to Stone.  In closing argument, Stone thoroughly attacked Officer Korenic's testimony and the lack of reports supporting the existence of other persons' identification cards.[5]

The Circuit Court did not abuse its discretion by denying Stone's motion for new trial.

For the foregoing reasons, the January 18, 2017 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, November 27, 2019.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[5]  For the first time on appeal, Stone also·asserts that the evidence of other persons' identification cards was prejudicial evidence of other crimes under Hawaii Rules of Evidence (HRE) Rule 404(b) that should have been excluded under HRE Rule 403.  "As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases."  State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003).